IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacquelyn Harrelson, | No. CV 11-411-TUC-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| Clarence W. Dupnik, Sheriff of Pima County, et al., | |
| Defendants. | |

Pending before the Court is a Report and Recommendation issued by Magistrate Judge Estrada. In his Report and Recommendation, Magistrate Judge Estrada recommends denying in part and granting in part Defendants' motions for summary judgment. As the Court finds that the Report and Recommendation appropriately resolved the motions for summary judgment, the objections are denied.[1]

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Magistrate Judge Estrada's Report and Recommendation (Doc. 131) is accepted and adopted.

(2) The motions for summary judgment (Docs. 100, 105) are denied in part and granted in part as reflected in the Report and Recommendation.

---

[1] The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998). The Court notes that Plaintiff requested clarification as to wrongful death damages; the request is granted to the extent that the Court agrees with Plaintiff's understanding of the Report and Recommendation. *See* Doc. 132 at p. 2 ("Plaintiff understands the Report to mean that she and Gregory Harrelson may recover wrongful death damages for the conduct alleged in Counts One, Two, and Five, as those counts survived partial summary judgment because, taking the facts in the light most favorable to the Plaintiff, there is a triable issue that the actions and inactions of the County, the Conmed Defendants, and the Individual Conmed Defendants caused M.J.H.'s death.")

(3) The parties shall file a proposed Joint Pretrial Order on or before 9/27/13, which shall include, but not be limited to, that prescribed in the form of Joint Pretrial Order attached. As pretrial motions remain to be resolved as the Court expects that the parties will file motions in limine, this case is referred back to the Magistrate Judge to issue a Report and Recommendation as to any motions in limine (or other pretrial motions). Motions in limine shall be filed no later than the date of filing the proposed Joint Pretrial Order. Responses to motions in limine are due 14 days after the filing of the motion. Unless otherwise ordered by the Magistrate Judge, no replies are permitted and motions in limine and responses thereto shall not exceed five pages. After the Court receives the Report and Recommendation, any objections, and issues an Order as to the Report and Recommendation, the Court will withdraw the reference to the Magistrate Judge and issue a final pretrial Order setting dates for trial, the pretrial conference, and the filing of proposed jury instructions, voir dire and verdict forms.[2]

DATED this 27th day of August, 2013.

_Frank R. Zapata_
Frank R. Zapata
Senior United States District Judge

---

[2] If the parties think that a settlement conference could be fruitful, the Court will refer this case to another United States Magistrate Judge to preside over a settlement conference at no cost to the parties. If the parties want to pursue this option, they should file a stipulation requesting a settlement conference; upon receipt of such stipulation, the Court will issue an Order assigning a United States Magistrate Judge for the conference and will stay all the deadlines in the case pending the outcome of the settlement conference.