1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT

7               FOR THE DISTRICT OF ARIZONA

8

9   Jacquelyn Harrelson,              )    No. CV 11-411-TUC-FRZ (BPV)
                                      )
10            Plaintiff,              )    **ORDER**
                                      )
11   vs.                              )
                                      )
12                                    )
     Clarence Dupnik, et al.,         )
13                                    )
              Defendants.             )
14                                    )
                                      )
15   _____      )

16        Pending before the Court is a Report and Recommendation ("R & R") issued by United

17   States Magistrate Judge Velasco that addresses numerous motions in limine.[1]  As the limited

18   objections do not undermine the vast majority of the analysis and proper conclusions reached

19   by the R & R, the parties' objections are rejected and the Report and Recommendation is

20   fully adopted except as specifically noted below in this Order.

21   **Bifurcation**

22        The R & R recommends denying Plaintiff's motions in limine seeking to exclude M.J.H.'s

23   prior bad acts, juvenile record, and the nature and circumstances of his sentenced crimes as

24   this evidence is clearly relevant to the damages in this case.  *See* R & R at pp. 24-31.

25

26   _____

27        [1]The Court reviews de novo the objected-to portions of the Report and Recommendation.
     28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   The Court reviews for clear error the unobjected-to
28   portions of the Report and Recommendation.  *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739
     (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

1   However, the R & R also recommends bifurcating the trial between liability and damages as

2   it was apparently unclear that the evidence at issue was pertinent to any liability issues based

3   on the state of the record before Judge Velasco. *See* R & R at pp. 29-31. The

4   recommendation as to bifurcation is rejected as proceeding in this manner would be

5   impractical and inefficient. As Defendants correctly argue, M.J.H.'s criminal history and

6   various juvenile problems may be linked to his mental health problems which Defendants

7   were attempting to address while he was incarcerated. Furthermore, some of those issues,

8   such as his history of drug and alcohol use, may also be connected to the cause of death.

9   Thus, damages and liability could not be neatly separated into two separate trials as the issues

10  are overlapping, and witnesses and documentation could not be efficiently presented to the

11  jury without allowing reference to M.J.H.'s prior bad acts, juvenile record, and the nature and

12  circumstances of his sentenced crimes.[2]

13  **Advisory Letter**

14      On pages 22 to 24 of the R & R, Judge Velasco discusses the Conmed Defendants' motion

15  to exclude the Advisory Letter issued by the Arizona Medical Board related to their

16  investigation of Dr. Bishop. However, the motion was denied as moot as Plaintiff stipulated

17  that they did not foresee using the letter in the case in chief. To avoid any confusion at trial,

18  the Court will grant the motion to exclude the Advisory Letter with leave for Plaintiff to

19  move to introduce the letter at trial if they believe it becomes necessary for some reason; any

20  discussion as to introducing the letter shall take place outside the presence of the jury.

21  **Miscellaneous Matters**

22      In the County's objections, they state in part: "[T]he County Defendants' Motion in

23

24  _____

25      [2]The Court notes that County Defendants submit "clarifications and objections" to the R &
    R. As to the clarifications appearing at p. 1, line 18 to p. 2, line 4 in Doc. 179, the County

26  Defendants note a typo in the R & R and also note that they addressed an argument in the motion
    in limine briefing contrary to what the R & R stated. While the Court does not believe that

27  clarification is necessary as to those issues as it has no impact on the trial or the Court's substantive
    rulings herein, the Court agrees with the County Defendants' stated clarifications at p. 1, line 18 to

28  p. 2, line 4 in Doc. 179.

1   Limine (Doc. #144) also sought an Order precluding Plaintiff from using Dr. Don's testimony

2   to establish that the assault and protective-custody status were a proximate cause of MJH's

3   death. The County Defendants are unclear as to whether the Report adopts that request. Thus,

4   they respectfully request that the Court clarify this point by adding language that Plaintiff

5   cannot use Dr. Don to establish that the assault and protective-custody status were a

6   proximate cause of MJH's death." *See* Doc. 179 at p. 2, lines 12-25.  As to these issues, the

7   R & R states in part: "[T]he Magistrate Judge recommends that the Court deny the motion

8   as to Dr. Don in part, to allow testimony from Dr. Don concerning her opinion that the

9   physical and emotional consequences of the assault and head injury, and protective custody

10   status, as a causal factors in the deterioration of M.J.H.'s psychiatric condition but grant the

11   motion as to any testimony regarding standard of care of the County Defendants." *See* R &

12   R (Doc. 175 at p. 9, lines 3-11).  The R & R does not need clarification.  To the extent the

13   County objects to the R & R, the objection is rejected.

14      On a related note, Plaintiff's objections state in part: "Plaintiff also objects to the extent

15   that the recommendation might be read that a 'custodial expert' is required for the claims

16   made in this case. The concept that corrections officers must follow 'keep separate'

17   directives in order to protect a juvenile inmate from attack is not beyond the experience or

18   competence of the jury to understand." *See* Doc. 178 at p. 2, lines 11-15.  The Court finds

19   that the R & R does not make any such suggestion and no objection is warranted.

20   Regardless, the Court agrees with Plaintiff's position as to this issue.

21      Lastly, Plaintiff's objections state in part: "Plaintiff objects to the recommendation

22   regarding medical experts to the extent that A.R.S. § 12-2604 is applied to claims made

23   under 42 U.S.C. § 1983. Plaintiff's medical experts are well-qualified to provide the

24   testimony required to establish claims against the individual Conmed defendants under

25   federal law. See Doc. 175, p. 17 (on qualifications of Dr. Don and Dr. Wax)." *See* Doc. 178

26   at p. 2, lines 20-25.  Again, the Court finds that the R & R does not make any such

27   suggestion and no objection is warranted.  Regardless, the Court agrees with Plaintiff's

28   position as to this issue.

1    To the extent the Court has not specifically addressed any other objections or requests for

2  "clarifications", the Court rejects the objections and finds that any request for "clarification"

3  is unwarranted.

4  **Conclusion**

5    Accordingly, IT IS HEREBY ORDERED as follows:

6  (1) The Report and Recommendation (Doc. 175) is fully adopted except as specifically noted

7  in the text of this Order.

8  (2) The parties' motions in limine (Docs. 143, 144, 146, 147, 148, 149, 150, 151, 152, 153,

9  154, 155) are granted in part and denied in part as discussed in the text of the R & R and this

10  Order.

11

12    DATED this 3rd day of June, 2014.

13

14

15                                              Frank R. Zapata
16                                    Senior United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28